# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS – MARSHALL DIVISION

| | |
|---|---|
| **Advanced Processor Technologies LLC** : | |
| Plaintiff, : | |
| v. : | Civ. No. 2:12-cv-152-JRG-RSP |
| : | Lead Case |
| **Atmel Corporation,** : | |
| : | Consolidated |
| Defendant. : | |

## JOINT STIPULATION AND MOTION TO DISMISS

Plaintiff Advanced Processor Technologies LLC ("APT"), Defendant Mindspeed Technologies, Inc. ("Defendant") and Defendants-Intervenors ARM Ltd. and ARM, Inc. (collectively, "ARM") hereby file this Joint Stipulation and Motion to Dismiss.

WHEREAS, APT filed suit against Defendant, and ARM intervened and filed counterclaims against APT, in APT v. Analog Devices, Inc., Civil Action No. 2:11-cv-19-JRG-RSP, and in APT v. Mindspeed Technologies, Inc., Civil Action No. 2:12-cv-156-JRG-RSP, which is consolidated in the above-captioned case;

WHEREAS, APT represent that it has entered into a license agreement with RPX Corporation ("RPX");

WHEREAS, APT and ARM represents that, pursuant to the APT-RPX license agreement, RPX has granted a sub-license to ARM, including the right to sub-license to Defendant;

WHEREAS, through the RPX-ARM sub-license agreement, APT and ARM have settled APT's claims for relief against ARM and ARM's counterclaims for relief against APT asserted in the civil actions consolidated in the above-captioned case;

WHEREAS, APT and Defendant have entered into a mutual release agreement relating to Defendant's ARM-Based Products, as defined therein ("APT Release

Agreement");

WHEREAS, the claims pending against Defendant in Civil Action No. 2:11-cv-19-JRG-RSP and Civil Action No. 2:12-cv-156-JRG-RSP are solely based on, relate to and arise from Defendant's ARM-Based Products, as defined in the APT Release Agreement;

WHEREAS, the APT Release Agreement does not preclude or limit Defendant from asserting affirmative defenses and counterclaims to the extent that Defendant is accused of infringing any APT patent (whether directly, indirectly, or jointly, literally or under the doctrine of equivalents, in any jurisdiction worldwide) or receives a request for indemnification related to any APT patent; and

WHEREAS, the dismissal of Civil Action No. 2:11-cv-19-JRG-RSP and Civil Action No. 2:12-cv-156-JRG-RSP shall not preclude or limit for purposes of claim preclusion or issue preclusion any claims or counterclaims, or potential claims or counterclaims, of any party or third-party that relate to or arise from products or services that are not ARM-Based Products, as defined in the APT Release Agreement.

NOW, THEREFORE, subject to the above stipulations, APT, Defendant, and ARM, through their respective attorneys of record, request that this Court dismiss all claims by APT with prejudice, all counterclaims of non-infringement by Defendant that relate to or arise from ARM-Based Products (as defined in the APT Release Agreement) pending between APT and Defendant in Civil Action No. 2:11-cv-19-JRG-RSP and Civil Action No. 2:12-cv-156-JRG-RSP with prejudice, all counterclaims of non-infringement by ARM that relate to or arise from ARM-Based Products (as defined in the APT Release Agreement) pending between APT and ARM in Civil Action No. 2:11-cv-19-JRG-RSP

and Civil Action No. 2:12-cv-156-JRG-RSP with prejudice, and any other of Defendant's claims and counterclaims and ARM's claims and counterclaims without prejudice, and with all attorneys' fees, costs of court and expenses borne by the party incurring same. For clarity, this dismissal does not impact any defenses that might be asserted by Defendant or ARM in any future lawsuit on the patents asserted in the present case, such defenses including, but not limited to, noninfringement, license, and invalidity (under all theories and sections of Title 35 including but not limited to sections 101, 102, 103, and 112). For further clarity, this dismissal does not impact counterclaims by Defendant or ARM in any future lawsuit arising from products or services that are not ARM-Based Products, such counterclaims including, but not limited to, noninfringement, license, and invalidity (under all theories and sections of Title 35 including but not limited to sections 101, 102, 103, and 112).

Dated: May 31, 2013                                       Respectfully submitted,

| /s/ William E. Davis<br>William E. Davis, III<br>Texas State Bar No. 24047416<br>THE DAVIS FIRM P.C.<br>111 W. Tyler St.<br>Longview, Texas 75601<br>Telephone: (903) 230-9090<br>E-mail: bdavis@bdavisfirm.com<br><br>/s/ David M. Farnum<br>David M. Farnum<br>ATFIRM PLLC<br>1701 Pennsylvania Ave, NW Ste 300<br>Washington, D.C. 20006<br>Telephone: (202) 349-1490<br>Email: dmfarnum@atfirm.com<br><br>*Counsel for Plaintiff Advanced Processor Technologies LLC* | By: /s/ Michael Smith<br>Michael Smith<br>SIEBMAN BURG PHILLIPS & SMITH LLP<br>300 N. Travis Street<br>Sherman, Texas 75090<br>Email: michaelsmith@siebman.com<br><br>*Counsel for Defendant Mindspeed Technologies, Inc. & Defendants-Intervenors ARM Ltd and ARM, Inc.*<br><br>By: /s/ Kevin P. Anderson<br>Kevin P. Anderson<br>Karin Hessler<br>WILEY REIN LLP<br>1776 K Street NW<br>Washington, DC 20006<br>Email: kanderson@wiley.com<br><br>*Counsel for Defendant Mindspeed* |

|  | *Technologies, Inc. & Defendants-Intervenors ARM Ltd and ARM, Inc.* |
|---|---|